IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TRIUMPH AEROSTRUCTURES, LLC, | § | |
| | § | |
| Plaintiff/Counter-Defendant, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:14-CV-2329-L |
| | § | |
| COMAU, INC., | § | |
| | § | |
| Defendant/Counter-Plaintiff. | § | |

**DEFENDANT/COUNTER-PLAINTIFF COMAU, INC.'S
MOTION FOR A LETTER OF REQUEST (LETTER ROGATORY)
TO OBTAIN DOCUMENTS FROM NON-PARTY BOMBARDIER INC. IN CANADA,
AND BRIEF IN SUPPORT**

In accordance with 28 U.S.C. § 1781, Rule 28(b) of the Federal Rules of Civil Procedure, and the additional authority cited herein, Defendant/Counter-Plaintiff, COMAU, INC., now known as COMAU LLC ("Comau"), files this motion for issuance of a Letter of Request to obtain documents from non-party Bombardier Inc. ("Bombardier") in Montreal, Quebec, Canada. The documents sought by Comau are necessary to its counterclaims and defenses and will serve as evidence at trial. In further support of this motion, Comau respectfully states as follows:

### I.   BACKGROUND

This action presents a dispute over a contract for tooling and automation equipment for use in manufacturing airplane wings for a new line of global business jets. Plaintiff/Counter-Defendant Triumph Aerostructures, LLC ("Triumph") contracted with non-party Bombardier, to manufacture airplane wings for Bombardier's new Global 7000/8000 Business Jet (the "Aircraft"). Comau subsequently contracted with Triumph to provide certain equipment and

{5580020:}

**DEFENDANT/COUNTER-PLAINTIFF COMAU, INC.'S MOTION FOR A LETTER OF REQUEST (LETTER ROGATORY) TO OBTAIN DOCUMENTS FROM NON-PARTY BOMBARDIER INC. IN CANADA,
AND BRIEF IN SUPPORT - Page 1**

services required for Triumph's manufacture of the Aircraft wings (the "Contract" for the "Project"). Contemporaneously, Comau subcontracted with Global Tooling Systems, Inc. ("GTS") to manufacture and provide certain tooling required by Triumph to manufacture the Aircraft wings (the "Subcontract").

Comau and GTS worked on the design and manufacture of the tooling, automation, and other required equipment at their respective facilities in southeast Michigan. Their and Triumph's intent was to later install the equipment at Triumph's facility in Red Oak, Texas, where Triumph would then build the Aircraft wings for Bombardier. On at least one occasion, Bombardier representatives traveled to Michigan to observe the progress of Comau and GTS.

On January 16, 2014, Triumph terminated the Contract with Comau, precipitating this lawsuit in which there are several points at issue regarding the parties' respective obligations and performance under the Contract. The following issues and topics are relevant to this motion, through which Comau seeks a Letter of Request to obtain documents from Bombardier:

    a.    whether Comau met its obligations under the Contract as factory integrator, manager of the Project, and supplier/developer of the automation and tooling;

    b.    whether the parties met their respective deadlines under the Project schedules and otherwise pursuant to the Contract;

    c.    the reasons for Triumph's inability to provide Comau timely with the engineering, design, and Project data necessary for Comau to develop the subject automation and tooling;

    d.    Bombardier's understanding of the status of the automated driller(s) to be supplied by Comau;

    e.    whether Triumph must compensate Comau for the myriad delays on the Project, the additional work Comau had to perform beyond the scope of the Contract, and the additional costs incurred by Comau as a result of other circumstances;

    f.    whether Comau met its metrology obligations to Triumph by providing Triumph with a comprehensive metrology plan; and

{5580020:}

**DEFENDANT/COUNTER-PLAINTIFF COMAU, INC.'S MOTION FOR A LETTER OF REQUEST (LETTER ROGATORY) TO OBTAIN DOCUMENTS FROM NON-PARTY BOMBARDIER INC. IN CANADA, AND BRIEF IN SUPPORT -** *Page 2*

  g. whether the Project delays were caused by circumstances other than Comau's performance, including, but not limited to, Federal Aviation Administration ("FAA") requirements.

## II.  ARGUMENT

### A.  Legal Standard

It is well settled that courts have inherent authority to issue letters of request, also known as letters rogatory. *See, e.g.*, *United States v. Staples*, 256 F.2d 290, 292 (9th Cir. 1958) ("This Court, like all courts of the United States, has inherent power to issue Letters Rogatory."). A letter of request is a formal written request sent by a court to a foreign court asking that a witness residing within that foreign court's jurisdiction either provide documents, a deposition, or both for use in a pending action before the requesting court. *U.S. v. Reagan*, 453 F.2d 165, 168, 171-74 (6th Cir. 1971) (affirming district court's issuance of Letter of Request seeking documents from investigation conducted by German authorities); *Barnes & Noble, Inc. v. LSI Corp.*, No. 11–02709, 2012 WL 1808849, at *1-2 (N.D. Cal. May 17, 2012) (granting motion for issuance of Letter of Request seeking discovery from an entity in Taiwan); Wright, Miller, & Marcus, Federal Practice and Procedure (2007), § 2083. The decision to issue such a letter is within the Court's discretion, *U.S. v. Mason, No.* 89-5675, 1990 WL 185894, at *2 (4th Cir. Nov. 29, 1990), and the proper inquiry for issuance is whether the discovery sought complies with the liberal standard of Federal Rule of Civil Procedure 26. *DBMS Consultants Ltd. v. Comp. Assocs. Int'l, Inc.*, 131 F.R.D. 367, 369 (D. Mass. 1990); see also *Barnes & Noble*, 2012 WL 1808849 at *2 ("A court's decision whether to issue a letter rogatory . . . require[s] an application of Rule 28(b) in light of the scope of discovery provided for by the Federal Rules of Civil Procedure."). Any opposition to the issuance of a letter of request must show good cause as to why the letter should not be issued. *In re Bankers Trust Company v. Bethlehem Steel Corporation*, 752 F.2d

{5580020:}

**DEFENDANT/COUNTER-PLAINTIFF COMAU, INC.'S MOTION FOR A LETTER OF REQUEST (LETTER ROGATORY) TO OBTAIN DOCUMENTS FROM NON-PARTY BOMBARDIER INC. IN CANADA, AND BRIEF IN SUPPORT -** *Page 3*

874, 890 (3d Cir. 1984), citing *Zassenhaus v. Evening Stat Newspaper Co.*, 404 F. 2d 1361 at 1364 (D.C. Cir. 1968).

> B.  It Is Appropriate to Issue the Letter of Request Sought by Comau to the Relevant Court in Canada Seeking Production of Documents from Bombardier.[1]

Bombardier is central to the claims and defenses in this case. Comau seeks evidence from Bombardier that is relevant and/or calculated to lead to the discovery of admissible evidence and that is and will continue to be critical to the prosecution of its Counterclaim and its defense against Triumph's claims. Comau's possession of this evidence will be crucial both during discovery—particularly in depositions of Triumph personnel and non-party witnesses—and at trial. Without the documents described in the attached Letter of Request, Comau cannot adequately prosecute its Counterclaim or defend against the costly claims levied by Triumph.

Hoping to obtain the documents in the United States, Comau served a document subpoena upon Bombardier Aerospace Corporation ("BAC") of Dallas, Texas in November 2014.[2] In response to that subpoena, counsel for Bombardier contacted Comau and informed Comau that, to the best of his knowledge, BAC had no responsive documents. Bombardier's counsel further indicated that Bombardier would not at that time waive formal service of a subpoena upon itself in Quebec, nor would it voluntarily produce documents of the kind sought in the subpoena to BAC. In June 2015, Comau sent Bombardier's counsel a letter seeking Bombardier's consent to voluntarily produce the documents identified in this motion. Appendix

---

[1] The Canadian court with jurisdiction to receive Comau's Letter of Request is the Quebec Superior Court, for the District of Montreal, 1 Notre Dame Street East, Montreal, Quebec, Canada, H2Y 1B6.

[2] Given BAC's name and close proximity to Triumph's facility in Red Oak, Texas, Comau surmised that, although BAC was not under contract with Triumph in connection with the Project, BAC was likely involved in the Project as an affiliate of Bombardier, and would therefore have documents relevant to Comau's claims and defenses in this action.

{5580020:}

DEFENDANT/COUNTER-PLAINTIFF COMAU, INC.'S MOTION FOR A LETTER OF REQUEST (LETTER ROGATORY) TO OBTAIN DOCUMENTS FROM NON-PARTY BOMBARDIER INC. IN CANADA, AND BRIEF IN SUPPORT - *Page 4*

at APPX 15-17. As of the date of this motion, Bombardier has not agreed to produce the documents voluntarily.

> **1. Bombardier Has Documents Containing Critical Information Regarding Comau's Performance as Project Manager, Factory Integrator, and Developer/Supplier of the Subject Automation and Tooling.**

Comau refutes Triumph's claim that Comau breached the Contract by failing to meet its obligations as Project manager and factory integrator. As Triumph's customer, Bombardier has critical documents reflecting the quality and sufficiency of Comau's performance during the Project. Comau will use those documents in defense of this action. Such documents are the subject of the request set forth in section 7a of the proposed Letter of Request. *See* Appendix at APPX 9.

> **2. Bombardier Has Documents Containing Critical Information Regarding the Alleged Project Delays.**

Comau refutes Triumph's claim that Comau caused Project delays that damaged Triumph. Bombardier has emails and other documents reflecting the cause and nature of any and all such delays. Those documents will establish that Comau did not cause the delays. The documents may also establish that Triumph has already received compensation from Bombardier for any Project delay, reducing, if not eliminating, any claim by Triumph for delay damages. The documents related to Project delays are the subject of the requests set forth in sections 7b and 7g of the proposed Letter of Request. *See* Appendix at APPX. 9-11.

> **3. Bombardier Has Documents Containing Critical Information Regarding the Design and Engineering Data at Issue in This Case.**

Comau seeks relief in its Counterclaim for Triumph's failure to provide critical design and engineering data to Comau pursuant to the Contract. Aside from paying Comau, Triumph's principal obligation under the Contract was to provide Comau with the engineering and

{5580020:}

DEFENDANT/COUNTER-PLAINTIFF COMAU, INC.'S MOTION FOR A LETTER OF REQUEST (LETTER ROGATORY) TO OBTAIN DOCUMENTS FROM NON-PARTY BOMBARDIER INC. IN CANADA, AND BRIEF IN SUPPORT - *Page 5*

manufacturing process data required to design and develop the manufacturing equipment and automation required to produce the Aircraft wings. According to Triumph, Bombardier was to provide the data Triumph. The Contract required Triumph to release the data to Comau in three or four staged intervals for each of the several engineering and manufacturing "elements" into which the Project was organized. But not long after the parties commenced work on the Project, Triumph failed to provide the data pursuant to the contractual data release schedule. Worse yet, the data that Triumph did provide was late, often disorganized, and sent to Comau in multiple releases far exceeding the limited number of releases set forth in the Contract. Along the way, Triumph indicated that its inability to provide timely data to Comau was due to Bombardier's delay in releasing engineering definition to Triumph. Triumph further asserted that it was not obligated to limit its data provision to Comau to the three or four staged data releases per element. The proposed Letter of Request seeks documents from Bombardier that will shed light on Triumph's data-release obligations and related performance under the Contract. Comau will use those documents in support of its defenses and Counterclaim. Those documents are the subject of the request set forth in section 7c of the proposed Letter of Request. *See* Appendix at APPX. 10.

**4. Bombardier Has Documents Containing Critical Information Regarding the Automated Drillers in Dispute.**

Comau refutes Triumph's claim that Comau was unable to manufacture the automated drillers which Triumph intended to use in assembling the Aircraft wings. As development of this automation was a significant part of the Project, and as Bombardier oversaw the development of this automation, Bombardier has emails and other documents reflecting the quality of Comau's performance in this respect. Those documents are critical to Comau's defenses and Counterclaim

and fall within the category set forth in section 7d of the proposed Letter of Request. *See* Appendix at APPX. 10.

### 5. Bombardier Has Documents Containing Critical Information on Whether It Was Entitled to the Additional Compensation that Triumph Refused to Provide.

Bombardier has documents to disprove Triumph's claim that it suffered damages caused by Project delays and other developments on the Project. The documents will show the extent to which Triumph sought or received compensation from Bombardier for any such developments. The documents will also show that Triumph wrongfully denied Comau additional compensation for myriad Project delays, additional work beyond the scope of the Contract, and additional costs caused by other circumstances. Those documents are critical to Comau's defenses and Counterclaim and fall within the category set forth in section 7e of the proposed Letter of Request. *See* Appendix at APPX. 10.

### 6. Bombardier Has Documents Containing Critical Information on the Issue of Metrology.

The parties dispute the scope of Comau's obligation under the Contract regarding the development of a metrology plan and the installation of metrology equipment.[3] As Triumph's customer, which reviewed and oversaw the plans for Project metrology, Bombardier has documents relevant to Comau's defense on this issue. Those documents fall within the category set forth in section 7f of the proposed Letter of Request. *See* Appendix at APPX. 10.

---

[3] The term "metrology" generally refers to the supplemental equipment used to monitor the tooling and automation to ensure that they at all times operate within the prescribed tolerances to produce airplane wings that meet Bombardier's requirements.

{5580020:}

DEFENDANT/COUNTER-PLAINTIFF COMAU, INC.'S MOTION FOR A LETTER OF REQUEST (LETTER ROGATORY) TO OBTAIN DOCUMENTS FROM NON-PARTY BOMBARDIER INC. IN CANADA, AND BRIEF IN SUPPORT - *Page 7*

      **7.**    **Bombardier Has Documents Showing That Any and All Project Delays Were Caused by Circumstances Other Than Comau's Performance.**

The parties dispute the cause of the subject Project delays. Bombardier has email, letters, and other documents showing that any and all Project delays were not caused by Comau but rather by other circumstances, including, without limitation, potential FAA involvement and regulatory requirements. Those documents fall within the category set forth in section 7g of the proposed Letter of Request. *See* Appendix at APPX. 11. Accordingly, this motion should be granted so that Comau can obtain necessary information from Bombardier.

### III.  CONCLUSION

For the foregoing reasons, Comau respectfully requests that the Court (A) sign and have the Clerk affix the seal of the Court to the [Proposed] Letter of Request at Appendix Exhibit 1, APPX. 3-35 (English version), and Appendix Exhibit 2, APPX. 37-70 (French version), seeking documents from Bombardier via the Quebec Superior Court, for the District of Montreal, 1 Notre Dame Street East, Montreal, Quebec, Canada, H2Y 1B6, and (B) enter the [proposed] order at Appendix Exhibit 3, APPX. 72-73, granting this motion. Comau further requests that the Court notify the undersigned counsel when the Letter of Request is ready for collection, and counsel will arrange for its transmission to local counsel in Canada.

{5580020:}

**DEFENDANT/COUNTER-PLAINTIFF COMAU, INC.'S MOTION FOR A LETTER OF REQUEST (LETTER ROGATORY) TO OBTAIN DOCUMENTS FROM NON-PARTY BOMBARDIER INC. IN CANADA, AND BRIEF IN SUPPORT -** *Page 8*

Date:  July 8, 2015                                    Respectfully submitted,

                                                  */s/ Bryan J. Wick*
                                                  Bryan J. Wick
                                                  (TX Bar No. 24003169)
                                                  J. Sean Lemoine
                                                  (TX Bar No. 24027443)
                                                  **WICK PHILLIPS GOULD**
                                                  **& MARTIN LLP**
                                                  3131 Mckinney Avenue, Suite 100
                                                  Dallas, Texas 75204
                                                  (214) 692-6200
                                                  (214) 692-6255-Fax
                                                  *bryan.wick@wickphillips.com*
                                                  *sean.lemoine@wickphillips.com*
                                                  ***Attorneys for Defendant/Counter-Plaintiff***


                                                  **MCDONALD HOPKINS PLC**

                                                  John E. Benko (P58874)
                                                  Timothy J. Lowe (P68669)
                                                  Donald V. Orlandoni (P71133)
                                                  39533 Woodward Avenue, Suite 318
                                                  Bloomfield Hills, Michigan 48304
                                                  (248) 220-1352
                                                  (248) 220-1359
                                                  (248) 593-2944
                                                  (248) 646-5075-Fax
                                                  jbenko@mcdonaldhopkins.com
                                                  tlowe@mcdonaldhopkins.com
                                                  dorlandoni@mcdonaldhopkins.com
                                                  ***Attorneys for Defendant/Counter-Plaintiff***
                                                  ***Admitted Pro Hac Vice***

{5580020:}

**DEFENDANT/COUNTER-PLAINTIFF COMAU, INC.'S MOTION FOR A LETTER OF REQUEST (LETTER ROGATORY) TO OBTAIN DOCUMENTS FROM NON-PARTY BOMBARDIER INC. IN CANADA, AND BRIEF IN SUPPORT -** *Page 9*

## CERTIFICATE OF CONFERENCE

On July 6, 2015, Donald V. Orlandoni, counsel for Comau, emailed counsel for Triumph, identifying the documents Comau seeks from Bombardier Inc., and requesting an opportunity to meet and confer regarding the relief sought in this motion. Comau's counsel did not receive a response from Triumph's counsel before filing this motion. Accordingly, this motion is presumed opposed.

                                                                                */s/Donald V. Orlandoni*
                                                                                Donald V. Orlandoni (P71133)

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing instrument was served on all counsel of record via ECF electronic delivery on July 8, 2015.

                                                                                */s/Donald V. Orlandoni*
                                                                                Donald V. Orlandoni (P71133)

{5580020:}

**DEFENDANT/COUNTER-PLAINTIFF COMAU, INC.'S MOTION FOR A LETTER OF REQUEST (LETTER ROGATORY) TO OBTAIN DOCUMENTS FROM NON-PARTY BOMBARDIER INC. IN CANADA, AND BRIEF IN SUPPORT -** *Page 10*